**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re: | |
| JENK'S BEST LIVING, LLC, | Case No. 26-12812-SAH |
| | Chapter 11 |

**YSA INVESTMENTS 1 LLC's OBJECTION TO MOTION**
**FOR LEAVE TO INCUR POST-PETITION DEBTS AND USE CASH COLLATERAL**

YSA Investments 1 LLC ("YSA"), a creditor and party in interest in the above-captioned case, by and through undersigned counsel, hereby files this Objection to the *Debtor's Motion for Leave to Incur Post-Petition Debts and Use Cash Collateral* [Docket No. 7] (the "Motion"), and in support thereof states as follows:

1. Preliminarily, YSA objects to Debtor's request for authority to obtain the proposed debtor-in-possession financing or to use cash collateral on the terms set forth in the Debtor's Motion and the accompanying term sheet to the extent that the terms of this financing would attempt, through the proposed financing or otherwise, to give the insider lender, Pratt Street Capital, LLC, payment priority or recovery ahead of YSA.

2. YSA is a secured creditor in the above-captioned bankruptcy case. YSA objects to any interpretation, order, or implementation of the Motion that would permit the proposed DIP financing (or any related administrative claim of the DIP Lender or the Debtors) to "jump the line" and receive payment or recovery in priority to YSA's secured claim.[1] Any order approving the Motion should explicitly state that the debtor-in-possession financing arrangement does not prime or otherwise impact any prior liens asserted against property of Jenk's Best Living, LLC (the "Debtor").

[1] YSA reserves all rights with respect to the nature, extent, validity, and priority of its secured claim, and further reserves the right to seek any and all appropriate relief to protect its interests.

3. YSA does not oppose the concept of financing if a genuine shortfall is shown, but the Motion does not demonstrate any such immediate need. No budget was disclosed for proposed use of the debtor-in-possession financing. A proposed budget should be filed with opportunity to review it so that parties in interest can fully evaluate whether it is in the funding is necessary. The Debtors should be required to present concrete evidence of current liquidity, rent collections, and projected cash flow before any DIP facility is approved.

4. The maturity date of the debtor in possession financing is as early as October 30, 2026. See Docket No. 7-1 at p. 2. The Debtor's asserted primary asset is real property allegedly valued at $14,085,125.78. (Docket No. 1 at p. 14.). However, prior to the filing of this bankruptcy case, YSA took control of this real property for purposes of preservation after the Debtor's principal, Mark Kullick, defaulted on a loan with YSA.

5. YSA's decision to repossess the property for preservation purposes came after a visit to the property revealed its state of severe disrepair, with overflowing trash; pests living inside the apartments, including bats, mice, roaches, and bugs; black mold, no functioning air conditioning, no electricity, no running water, among other severe issues affecting the safety and habitability of the tenants.

6. To improve the living conditions of the tenants and preserve/increase the value of the collateral, YSA appointed Capital Assets, Inc. ("Capital Assets") as the property manager for the building and is bearing that cost (which is being addressed in YSA's own bankruptcy proceeding). As a result, the Debtor currently has no operational expenses in connection with the property that requires cash flow.

7. While the Debtor alleges that financing is needed until it regains unqualified control and rent collections stabilize, the ability to repay the debtor in possession financing is entirely

contingent on the unresolved ownership and control dispute. There is no ability for the Debtor to pay the debtor-in-possession financing in two months. The property is not for sale, has not been marketed for sale, and there is no evidence that the property can be refinanced in that timeframe.

8. The Debtor has produced no other concrete evidence of any operational expenses that justify an insider loan in the amount of $600,000. Approving unsecured administrative DIP financing under these circumstances risks unnecessarily burdening the estate with additional administrative claims that it cannot pay, which is detrimental to the unsecured creditors.

**WHEREFORE**, YSA Investments 1 LLC respectfully requests that the Court enter an order: (a) sustaining this Objection; (b) clarifying that any approval of the Motion shall not confer upon the proposed debtor-in-possession financing priority over YSA's secured claim; and (c) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

*_/s/ Jason A. Sansone_*
Clayton D. Ketter, OBA No. 30611
Jason A. Sansone, OBA No. 30913
Nicholas J. Candido, OBA No. 36069
PHILLIPS MURRAH P.C.
424 N.W. 10th St., Suite 300
Oklahoma City, OK 73103
(405) 235-4100 - telephone
(405) 235-4133 – facsimile
cdketter@phillipsmurrah.com
jasansone@phillipsmurrah.com
njcandido@phillipsmurrah.com
**Proposed Attorneys**
**for YSA Investments 1, LLC**