# TERM SHEET
# $600,000.00 DEBTOR IN POSSESSION CREDIT FACILITY

July 19, 2026

| | |
|---|---|
| DEBTORS: | Jenk's Best Living, LLC and PSC Thrive, LLC (the "Debtors," and each a "Debtor"), each debtors and debtors-in-possession in cases (the "Bankruptcy Cases") pending—or soon-to-be-pending—before the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court"). |
| DIP LENDER: | Pratt Street Capital, LLC, a Maryland limited liability company or any of its affiliates, successors, and assigns (whether one or more, the "DIP Lender"). |
| DIP CREDIT FACILITY: | The DIP Lender shall extend to the Debtors as joint and several obligors a debtor-in-possession revolving credit facility in a principal amount of up to $600,000.00 (the "DIP Credit Facility"). |
| PURPOSE: | Upon entry of an interim order by the Bankruptcy Court and any other 'first day' orders, the financing provided for herein shall be used solely for: (i) the payment of transaction fees, expenses and costs incurred in connection with the DIP Credit Facility, (ii) the payment of fees, expenses and costs incurred in connection with the Bankruptcy Cases, (iii) the payment of any adequate protection payments approved by the Bankruptcy Court, and (iv) working capital, capital expenditures, and other general corporate purposes of the Debtors including the payment of professional fees and expenses. |
| DOCUMENTATION | Definitive documentation with respect to the DIP Credit Facility (the "Documentation"), including, without limitation, a DIP promissory note and DIP loan agreement (together the "DIP Financing Agreement"), and all motions relating thereto, shall be in form and substance acceptable to the DIP Lender and its counsel, in their reasonable discretion; provided that on the date on which the last of the Bankruptcy Cases are filed (the "Petition Date") until the Documentation is fully executed, this term sheet (and any interim or final court order) shall govern the terms of the DIP Facility, including, for the avoidance of doubt, the affirmative covenants, negative covenants, events of default and remedies described herein. |
| INTEREST RATE: | Interest shall accrue on the drawn portion of the DIP Credit Facility (the "Principal Balance") at a fixed rate of eight percent (8.0%) per annum. Notwithstanding the foregoing, after the occurrence and during the continuance of an Event of Default (as defined herein), |

| | |
|---|---|
| | interest on the Principal Balance shall accrue at the rate set forth above plus five percent (5%). Accrued interest on the Principal Balance shall accrue and be shall be paid monthly (in arrears on the first day of each month) in kind ("*PIK*") with such PIK interest being added the Principal Balance on the first calendar day of each month; *provided, however, that* interest shall be payable on the Maturity Date by wire transfer of immediately available funds. All interest will be calculated using a 360-day year and actual days elapsed. |
| COMMITMENT FEE: | None. |
| EXIT FEE: | None. |
| SECURITY INTEREST: | None. |
| SECURITY: | None. |
| MATURITY: | All obligations under the DIP Credit Facility, accrued or otherwise, shall be due and payable in full on the earliest of (the "Maturity Date"): (i) October 30, 2026, if said date is not extended by a confirmed Plan (as defined below), (ii) 30 days after entry of an interim order approving the DIP Credit Facility, if a final order has not been entered prior to the expiration of such 30-day period, (iii) the effective date of a plan of reorganization of the Debtors (a "Plan"), that is confirmed pursuant to an order entered by the Bankruptcy Court in the Bankruptcy Cases, unless said Plan extends the date by which all obligations shall be due and payable, or (iv) entry of an order by the Bankruptcy Court in the Bankruptcy Cases: (A) dismissing such cases or converting such cases to a case(s) under chapter 7 of the Bankruptcy Code, or (B) appointing a chapter 11 trustee or an examiner with enlarged powers relating to the operation of the business of the Debtors (*i.e.*, powers beyond those set forth in sections 1106(a)(3) and (4) of the Bankruptcy Code), in each case without the consent of the DIP Lender. All accrued and amounts outstanding under the DIP Credit Facility shall be due and payable in full on the Maturity Date. |
| REPAYMENT | Except for Mandatory Prepayments (as described below), no repayments under the DIP Credit Facility shall be due until the Maturity Date. Upon the Maturity Date, the unpaid Principal Balance, together with all PIK and other unpaid interest, and all other costs, fees, expenses, indemnities, and other amounts due under the DIP Credit Facility shall be due and payable in full without demand by the DIP Lender or consent or further action by the Bankruptcy Court. |

| | |
|---|---|
| VOLUNTARY PREPAYMENTS: | The Debtors may prepay their obligations under the DIP Credit Facility in whole or in part at any time without premium or penalty, subject to customary notice requirements to be mutually agreed upon by the Debtors and the DIP Lender. |
| MANDATORY PREPAYMENTS: | The Debtors shall prepay their obligations under the DIP Credit Facility, in full, immediately (i) upon the occurrence of an Event of Default, (ii) upon and the conversion of either or both of the Bankruptcy Cases to a chapter 7 case(s) under the Bankruptcy Code, or (iv) upon any dismissal of the Bankruptcy Cases for any reason. (each a "Mandatory Prepayment Event"). |
| EXPENSES: | Debtors will pay all documented out-of-pocket costs and expenses associated with the negotiation, preparation, due diligence, administration, and closing of all Documentation, including, without limitation, the documented legal fees of counsel to the DIP Lender, (including any local bankruptcy counsel to the DIP Lender), regardless of whether the DIP Credit Facility is closed. |
| EVENTS OF DEFAULT: | Usual and customary in transactions of this type, with grace periods to be negotiated and agreed, including, without limitation, the following: (i) non-payment of principal, interest, fees or other amounts; (ii) failure to perform or observe covenants, within a specified period of time, where customary and appropriate, after such failure; (iii) any representation or warranty proving to have been incorrect in any material respect when made or confirmed; (iv) conversion of any of the Debtors' Bankruptcy Cases to a case under chapter 7 of the Bankruptcy Code; (v) appointment of a trustee or examiner under Section 1104 of the Bankruptcy Code, (vi) the failure of the Debtors to obtain a final order in form and substance reasonably satisfactory to the DIP Lender within 30 days after the commencement of the Bankruptcy Cases; and/or (vii) cessation of business of any Debtor or Debtor affiliate. There shall be written notice of an Event of Default with an opportunity to cure within five (5) days after notice is sent, except for an Event of Default described in sections (iv), (v) or (vii) of this paragraph. |
| DEFAULT REMEDIES: | Usual and customary in transactions of this type, with grace periods to be negotiated and agreed, including, without limitation, the following: (i) terminate any portion of the DIP Credit Facility that has not been advanced to the Debtors; (ii) declare all or any portion of the Principal Balance to be immediately due and payable, all without presentment, demand, protest or further notice of any kind, all of which are expressly waived by Debtors; and (iii) exercise any rights and remedies provided to the DIP Lender under the Documentation, at law or in equity, including all remedies provided under the Bankruptcy Code or other applicable law. |
| GOVERNING LAW: | State of Maryland and the Bankruptcy Code. |

| | |
|---|---|
| JURISDICTION: | Each of the parties shall waive its right to a trial by jury and submit to the jurisdiction of the U.S. Bankruptcy Court for the District of Maryland as to matters for which the bankruptcy court otherwise has subject matter jurisdiction and the state and federal courts sitting in the District of Columbia for all other matters including matters where bankruptcy subject matter jurisdiction has terminated, has been removed from the bankruptcy court, or from which the reference has been withdrawn from the bankruptcy court. |

DEBTORS:

PSC THRIVE, LLC

______________________________
By: Zvi Guttman
Its: Chief Restructuring Officer

JENK'S BEST LIVING, LLC

______________________________
By: Zvi Guttman
Its: Chief Restructuring Officer

DIP LENDER:

PRATT STREET CAPITAL, LLC

______________________________
By:
Its: Authorized Agent