IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re:<br><br>Jenk's Best Living, LLC<br><br>Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-12812-SAH<br>(Chapter 11) |

**APPLICATION TO APPROVE EMPLOYMENT OF ZVI GUTTMAN AS CHIEF RESTRUCTURING OFFICER AND NOTICE OF OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

> **Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of the response to the undersigned and file a certificate or affidavit of service with the court.

[Note – this is a flat 14 days regardless of the manner of service.]

Comes now Jenk's Best Living, LLC ("Jenk's" or the "Debtor"), pursuant to sections 327 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), as well as Federal Rule of Bankruptcy Procedure 2014, and applies to continue the employment of Zvi Guttman ("Mr. Guttman") as chief restructuring officer ("CRO") of the Debtor, and in support thereof states as follows:

## I. Introduction

Shortly before commencing this case, Jenk's appointed Mr. Guttman to act as the entity's CRO, vesting him with authority to file a petition for bankruptcy relief and directing him, post-petition, to operate the Debtor in chapter 11. Mr. Guttman is an experienced chapter 7 trustee who the Debtor has trusted to helm its business through the rigors of reorganization. Mr.

Guttman is also a trusted professional whose presence will help inspire confidence in the fidelity of the Debtor's actions and motivations through what has already proven to be an unusually tumultuous reorganizational process. All parties in interest benefit from Mr. Guttman's presence and it is accordingly respectfully urged his employment be approved by this Honorable Court to the extent such approval is necessary.

**II. Standard**

Familiarly, a debtor-in-possession (standing in the shoes of a trustee) is permitted to "employ one or more . . . professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor-in-possession] in carrying out the [debtor-in-possession's] duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a).[1]

Additionally, under 11 U.S.C. § 363(b), a debtor-in-possession may use estate property outside the ordinary course of business after notice and a hearing. Courts interpreting § 363(b) have routinely authorized the employment of interim corporate officers, such as CROs, when the proposed action reflects a sound exercise of the debtor's business judgement. See *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1070–71 (2d Cir. 1983); *In re Gander Mountain Co.*, No. 17-30673 (Bankr. D. Minn. Mar. 30, 2017) (approving employment of a CRO under § 363(b)).

[1] The term "professional persons" is not defined in Title 11 of the United States Code. However, "[s]ome courts have defined the term as an individual who takes a central role in the bankruptcy estate and proceedings, as opposed to one who provides services that are necessary irrespective of bankruptcy." *In re Evan Johnson & Sons Constr., Inc.*, 2019 WL 5057948, at *3 (Bankr. S.D. Miss. Mar. 11, 2019) (citing *In re Bannerman Holdings, LLC*, 2010 WL 2404313 at *2-3 (Bankr. E.D.N.C. June 10, 2010); *In re Century Inv. Fund VII Ltd. P'ship*, 96 B.R. 884, 893 (Bankr. E.D. Wis. 1989); *In re D'Lites of Am., Inc.*, 108 B.R. 352, 355 (Bankr. N.D. Ga. 1989); *In re Seatrain Lines, Inc.*, 13 B.R. 980, 981 (Bankr. S.D.N.Y. 1981)).

The Federal Rules of Bankruptcy Procedure, in turn, require an application such as this shall, *inter alia*:

> … state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

## III. Formalistic Recitations

Pursuant to the rigors of the above-cited rule, the Debtor notes that (i) Mr. Guttman is the person to be employed; (ii) Mr. Guttman has been selected based on his sterling credentials, comfort managing complex bankruptcy matters, familiarity with the Debtor's proposed counsel, and respected reputation; (iii) as CRO, Mr. Guttman will act as the debtor-in-possession's representative in this case, being vested with complete decision-making authority, pursuant to the agreement attached hereto as Exhibit A; (iv) Mr. Guttman seeks to be compensated at his usual and customary hourly rate, with his compensation being subject to the approval of this Honorable Court and with said compensation to come from the Debtor; and (v) Mr. Guttman' connections, *vel non*, with the Debtor, creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee, and persons employed in the office of the United States Trustee, are set forth in the attached declaration.

## IV. Argument

### a. Mr. Guttman is Well Qualified

Mr. Guttman holds a juris doctorate, with honors, from the University of Maryland. He is licensed to practice law in the state and federal courts situated in Maryland and the District of Columbia, as well as before the United States Court of Appeals for the Fourth Circuit.

Since 1995, Mr. Guttman has served as a chapter 7 trustee in the District of Maryland, where he also maintains a law practice. As a trustee, he has handled several significant cases in the district and overseen the administration of myriad complex bankruptcy estates. He is presently acting as trustee in connection with a large construction-centric case that involves assets in various states and countries, relatively complex financial records, and a history of anomalous monetary transactions between debtor entities and related non-debtor entities.

Mr. Guttman is a member of the American Bankruptcy Institute, the National Association of Bankruptcy Trustees, the Maryland State Bar Association, and the Bankruptcy Bar Association for the District of Maryland.

**b. The Debtor and its Creditors Will Benefit from the Services of a CRO**

The phrase "Chief Restructuring Officer" appears in more than 800 opinions, published and unpublished, discoverable through a LexisNexis search; none of the opinions come from this Honorable Court. No doubt, CROs have almost assuredly served in cases in this district previously but, whether by reason of such never proving sufficiently controversial to merit a written opinion or otherwise, there is no binding precedent in the Western District of Oklahoma. It is hoped the relief sought herein will not prove so contentious as to invite the creation of such precedent.

Mr. Guttman was appointed CRO, by the Debtor's management, pre-petition, in accord with governing law. Technically speaking, this appointment was no different than the board naming a new chief executive officer, chief financial officer, chief technology officer, or chief marketing officer; the Debtor—in its statutorily-vested wisdom—identified a need to engage an officer and appointed Mr. Guttman to the position. Since this occurred pre-petition, leave of court was neither required nor obtainable.

What the Debtor seeks now is to cement that appointment post-petition, recognizing such may well not be necessary insofar as the pre-petition appointment of executives is ordinarily *not* subject to subsequent judicial approval. Still, bankruptcy courts are vested with the power to appoint a "Responsible Officer" for a debtor-in-possession. *Matter of Gaslight Club, Inc.*, 782 F.2d 767, 771 (7th Cir. 1986) (citing *In re FSC Corp*., 38 B.R. 346 (Bankr. W.D. Penn. 1983)). And this Honorable Court does, too, have the authority to make such appointments in a manner that restricts the subsequent removal of the responsible officer. *See, e.g.*, *In re K.G. IM, LLC*, 620 B.R. 469, 476 (Bankr. S.D.N.Y. 2020) (approving the appointment of a CRO with "all of the powers and duties to operate the Debtors' business" and the "sole and exclusive power to exercise all of the management, voting rights, consent rights and powers of each of the Debtors, without regard to, or requirement of, any management, voting rights, consent rights, consultation rights or powers of any person who has any such rights or powers under any of the Debtors' Operating Agreements…").

Indeed, even when the United States Bankruptcy Court for the Southern District of New York questioned if a bankruptcy court may independently appoint a CRO in the first instance (something not at issue *sub judice* since Mr. Guttman was appointed by the board, pre-petition), that court still held, *inter alia*, "[s]ections 105(a) and 1107(a) may empower a bankruptcy court to prevent a debtor from removing a manager, officer or director, but they do not provide the

Court with an independent power of appointment." *In re 1031 Tax Group, LLC*, 2007 WL 2085384, at *3 n. 4 (Bankr. S.D.N.Y. July 17, 2007).[2]

Here, the Debtor seeks to employ Mr. Guttman in a manner wholly consistent with *Gaslight Club*, *FSC Corp.*, *K.G. IM*, and *1031 Tax Group*. Mr. Guttman was appointed pre-petition and thusly held the position of CRO at the time this case was filed. This application seeks only to formalize his ongoing employment and, per the foregoing cases, to establish an added layer of credibility by ensuring his employment not be compromised by threat of non-judicial removal.

Mr. Guttman was appointed, in the first instance, to ensure Jenk's is able to navigate the oft-tumultuous waters of chapter 11 as ably as possible. For myriad reasons—some optical, some substantive—Jenk's entered bankruptcy acutely aware of the benefits of reputational value, understanding Mr. Guttman to be well qualified to imbue the Debtor's cause with distinction and credibility. And so, in appointing Mr. Guttman, the Debtor expressly envisioned a regime whereby his role would not be subject to even the appearance of undue meddling or influence and where his loyalties would be firmly and unquestionably directed toward the Debtor's estate and its constituent creditor body.

---

[2] While the United States Trustee has, for more than two decades, informally suggested application of the so-called "Jay Alix Protocol," which notably curtails the purview of CROs, such a limiting approach has been rejected by multiple courts. *See, e.g.*, *In re McDermott Int'l, Inc.*, 614 B.R. 244, 252–53 (Bankr. S.D. Tex. 2020) ("While innovative at its inception, the Alix Protocol has become a tool to avoid transparency and create inequity. Based on the Court's observations, applicants selectively comply with the protocol's requirements in a majority of cases. The protocol's suggestion that separate entities be utilized as artificial barriers creates confusion… These examples are but a sampling and tarnish the sanctity of a process that demands complete transparency. Moreover, the protocol is completely unnecessary."); *In re Blue Stone Real Estate, Const. & Dev. Corp.*, 392 B.R. 897, 907 (Bankr. M.D. Fla. 2008) ("The so-called 'Jay Alix' protocol that depends upon section 363 for retention of an executive officer does not provide the Court the same ability to meet the twin goals of section 327 when the candidate for employment is also a professional.").

## V. Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) enter an order approving the employment of Zvi Guttman as Chief Restructuring Officer to the Debtor; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: August 30, 2026 By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
*Application for Admission Pending*
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
(301) 444-4600
mac@mbvesq.com
*Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of August, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig