# <u>CHIEF RESTRUCTURING OFFICER AGREEMENT</u>

This agreement for the provision of chief restructuring officer services (the "Agreement") is entered into this 19th day of July, 2026, between PSC Thrive, LLC ("PSC"), Jenk's Best Living, LLC ("Jenk's") (PSC and Jenk's being collectively known as the "Businesses") and Zvi Guttman (the "CRO").

WHEREFORE, the Businesses reasonably anticipate filing voluntary petitions for chapter 11 relief, pursuant to the allowances of section 301 of title 11 of the United States Code, thereby commencing two bankruptcy cases (the "Bankruptcy Cases"); and

WHEREFORE, the Businesses are desirous of engaging the services of an independent fiduciary to guide the Businesses through the Bankruptcy Cases, to operate the Businesses, to helm the Businesses' affairs, to investigate the potential litigation rights and liabilities of the Businesses, and to continue in such capacity for the duration of the Bankruptcy Cases; and

WHEREFORE, the Businesses believe it imperative an independent fiduciary make the ultimate decision as to whether or not to file the aforesaid petitions for bankruptcy relief;

IT IS, THEREFORE, HEREBY AGREED as follows:

1. **<u>Employment</u>.** Effective immediately, the CRO shall be deemed engaged as the Businesses' chief restructuring officer, and shall have the powers delineated in Section 2 hereof.

2. **<u>Powers.</u>** The CRO shall be obligated to expend her/his best professional judgment, in a solely fiduciary capacity, operating the Businesses, and shall be (i) required to work with the Businesses' counsel to determine whether or not to petition for chapter 11 bankruptcy relief and, if so, to then (a) carry out those tasks requisite of a debtor-in-possession in chapter 11; (b) ensure the Businesses are compliant with the reporting duties of a chapter 11 debtor-in-possession; (c) assess the assets of the Businesses; (d) assess the liabilities of the Businesses; (e) attend such

hearings in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") as may be appropriate; (f) ensure the Businesses remain current with all tax filings and government obligations required of an operating entity (regardless of whether or not said entity is a debtor in bankruptcy, but without imposing on the Businesses any governmental obligations otherwise forgiven of a debtor-in-possession); and (ii) permitted to (1) direct counsel to bring such suits in the name of the Businesses as may be in the Businesses' best interests to pursue and pursuable in good faith; (2) negotiate settlements and compromises (subject to the approval of the Bankruptcy Court where so required by law or rule); (3) pursue formal—and informal—discovery of facts and circumstances relevant to the Businesses' affairs, historic operations, and litigation rights; (4) review the propriety of the Businesses' contracts with third parties, renegotiate said contracts, or terminate said contracts (with approval of the Bankruptcy Court where required by law); (5) enter into new contracts on behalf of the Businesses' (with approval of the Bankruptcy Court where required by law); (6) review the work of Businesses' general reorganization counsel; (7) engage new—or special—counsel on behalf of the Businesses' (with approval of the Bankruptcy Court where required by law); and (8) perform such other tasks and duties as may be reasonably necessary to carry out the duties herein enumerated or as may be consistent with the role of a chief restructuring officer.

3. **Compensation.** The CRO shall be compensated for her/his services at the ordinary rate charged by the CRO, as a professional, to other clients of the CRO, with such compensation being subject to review and approval by the Bankruptcy Court in accord with governing law, *except* that no such review or approval shall be required (i) prior to the filing of the Bankruptcy Cases (if such cases are filed at all); or (ii) following confirmation of a plan of reorganization, for efforts

thereafter undertaken, unless so provided for in the correlative plan of reorganization or by court order.

4. **Termination.** The CRO may resign at any time, for any reason or no reason at all, by tendering notice to the Bankruptcy Court or, if prior to the filing of the Bankruptcy Cases, to the registered agent of each of the Businesses. The services of the CRO shall be deemed to automatically terminate upon the occurrence of (i) the CRO's death; (ii) the CRO's mental incapacity, as certified by at least one board certified physician in the community in which the CRO receives medical treatment; (iii) the bringing of criminal charges against the CRO, punishable by imprisonment, except for those correlative to an offense solely related to the speed of operation of a motor vehicle, in any federal, state, or tribal court; (iv) the CRO being suspended or barred from her or his professional practice, by any licensing body, except for where such suspension or bar is a result of (A) a voluntary decision to assume "inactive" (or comparable) status; (B) a failure to timely pay dues; or (C) a failure to timely complete professional education courses; (v) the CRO ceasing to be a person who may lawfully perform work in the United States; and/or (vi) the CRO being declared *persona non grata* by the United States or any constituent state or territorial possession thereof. The CRO may otherwise only be removed by order of the Bankruptcy Court (or any court enjoying appellate jurisdiction over the Bankruptcy Court or hearing the Bankruptcy Case by virtue of a withdrawal of a reference to the Bankruptcy Court), for good cause shown, *except* that prior to commencement of the Bankruptcy Cases (if such cases are commenced at all), either or both of the Businesses may remove the CRO by the majority consent of their respective memberships.

5. **No Employee Relationship.** Notwithstanding the vernacular of being "employed" by the Businesses, including where such terminology is used in title 11 of the United States Code,

the CRO shall *not* be deemed an employee of the Businesses or otherwise entitled to any perquisites or rights as an employee of the Businesses. To the extent any person shall ever urge otherwise, the CRO agrees s/he is a "learned professional" as that term is used in section 541.301 of title 29 of the Code of Federal Regulations and, as such, that the CRO is fully exempt under the Fair Labor Standards Act as codified at section 201, *et seq.* of title 29 of the United States Code.

6. **No Relationships.** By executing this Agreement, the CRO represents that the CRO is not aware of any facts that, upon reasonable consideration, would be likely to call into question the disinterestedness of the CRO or the ability of the CRO to carry out those duties herein enumerated.

7. **Indemnification.** The Businesses shall indemnify the CRO, and hold the CRO harmless, against all losses, claims, and defense costs (including the costs and expenses of counsel of the CRO's own choosing), excepting only willful misconduct found by *final, non-appealable* judgment. The Businesses shall not settle any action to which the CRO is a party, absent the express consent of the CRO or the unconditional release of the CRO. This section 7 shall survive termination of this Agreement for a period of fifteen (15) years.

8. **Limitation of Liability.** The CRO shall have no liability to the Businesses, at equity or in law, except for direct damages attributable to bad faith, self-dealing, intentional misconduct, or gross negligence. In no event shall the CRO be liable for consequential damages of any variety and in no event shall the CRO's liability to the Businesses exceed the gross sum of monies actually paid to the CRO pursuant to this Agreement. This section 8 shall survive termination of this Agreement for a period of fifteen (15) years.

9. **Choice of Law/Venue.** This Agreement shall be construed in accord with the laws of the United States (including, but not limited to, those enumerated in title 11 of the United States

Code) and, where applicable, the laws of the State of Maryland. Any suit arising from this Agreement or related to the subject matter hereof shall be subject to the exclusive venue of the Bankruptcy Court and the parties irrevocably consent to the jurisdiction of said court. Should such court lack subject matter jurisdiction, any suit may then—and only then—be brought solely in the state courts of Maryland situated in Baltimore City, without prejudice to the rights of any party to then remove said suit to the United States District Court for the District of Maryland or to thereafter petition for a transfer of venue to any other court of the United States. This section 9 shall survive termination of this Agreement for a period of fifteen (15) years.

10. **Reliance.** The CRO shall be entitled to rely upon data and information furnished by the Businesses, of a both historic and present nature, and shall have no independent duty to investigate the veracity of such information or the completeness of such information.

Signed, this 19th day of July, 2026:

PSC THRIVE, LLC

Signed by:
016657258EAA407... [SEAL]
By: Tzvi Preiser
Its: Authorized Agent

Signed by:
Zvi Guttman
2CFDDF4597A34A5... [SEAL]
Zvi Guttman

JENK'S BEST LIVING, LLC

Signed by:
016657258EAA407... [SEAL]
By: Tzvi Preiser
Its: Managing Member's Authorized Agent