IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re:<br><br>Jenk's Best Living, LLC<br><br>Debtor. | Case No. 26-12812-SAH<br>(Chapter 11) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER IMPLEMENTING CERTAIN PROCEDURES TO COMPENSATE AND REIMBURSE PROFESSIONALS, WITH BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the motion. You should also serve a file-stamped copy of the response to the undersigned [and others who are required to be served] and file a certificate or affidavit of service with the Court.

**[Note – this is a flat fourteen (14) days regardless of the manner of service.]**

Comes now Jenk's Best Living, LLC ("Jenk's" or the "Debtor"), by and through undersigned proposed counsel, pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Western District of Oklahoma (the "Local Rules"), and files this *Debtor's Motion for Entry of an Order Implementing Certain Procedures to Compensate and Reimburse Professionals* (the "Motion") for entry of an order implementing certain procedures to compensate and reimburse the Debtor's professionals, and in support thereof states as follows:

## JURISDICTION AND STATUTORY AUTHORITY

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The statutory predicates for the relief requested are Bankruptcy Code sections 105(a) and 331, Bankruptcy Rule 2016, and Local Rule 2016-1.

## BACKGROUND

4. On July 19, 2026 (the "Petition Date"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Maryland pursuant to chapter 11 of the Bankruptcy Code.

5. This case was thereafter transferred to this Honorable Court.

6. No trustee, examiner, or committee has been appointed in this chapter 11 case.

## PROPOSED COMPENSATION PROCEDURES

7. The Debtor has and will seek to retain and employ certain professionals, including but not limited to the undersigned counsel, to represent it in this chapter 11 bankruptcy (each a "Debtor's Professional," and collectively, the "Debtor's Professionals").

8. The Debtor believes that establishing orderly procedures for payment of the Debtor's Professionals will streamline the administration of this case and otherwise promote efficiency for the Court, the U.S. Trustee, and all parties-in-interest. Specifically, a streamlined process for serving monthly statements, fee applications, and the notices thereof is in the best interest of Debtor because it will facilitate efficient review of the Debtor's Professionals' fees and expenses while saving Debtor unnecessary copying and mailing expenses.

9. Pursuant to Bankruptcy Code section 331, Debtor's Professionals may submit

applications for interim compensation as often as the bankruptcy court permits. Debtor requests that the Court issue an order establishing procedures for such interim compensation. Specifically, Debtor proposes that the payment of compensation and reimbursement of expenses of the Debtor's Professionals (the "Compensation Procedures") be structured as follows:

a. On or before the twenty-first (21st) day of each month following the month for which compensation is sought, each Debtor's Professional seeking compensation may submit a monthly fee statement (the "Monthly Statement") by electronic mail to (i) the Debtor; (ii) proposed (and/or approved) general reorganization counsel to Debtor, (iii) the U.S. Trustee, and (iv) counsel for the Official Committee of Unsecured Creditors, if any (each a "Notice Party," and collectively, the "Notice Parties").

b. Each Monthly Statement shall describe and itemize the fees and expenses (in accordance with the guidelines promulgated by the U.S. Trustee) incurred within such period, together with (i) a summary setting forth the total amount of fees; (ii) each professional's (and paraprofessional's) hourly rate; (iii) total time and fees; (iv) the amount of reimbursable expenses sought; and (v) the amount of any prepetition retainer held by the professional.

c. In the event that a Notice Party has an objection to the compensation or reimbursement sought in a particular Monthly Statement, such Notice Party shall, no later than 7 days after receipt of the Monthly Statement, serve upon the professional whose Monthly Statement is objected to and the other Notice Parties a written "Notice of Objection to Monthly Statement," setting forth with specificity the nature of the objection and the amount of fees or expenses at issue. Thereafter, the objecting party and the professional whose Monthly Statement is objected to shall attempt to reach an agreement regarding the correct payment to

be made. If the parties are unable to reach an agreement on the objection, the objection will be considered and disposed of at the next interim fee application hearing.

d. Promptly after the expiration of the 7-day period set forth in subparagraph (c) above and if no Notice of Objection to Monthly Statement is received, Debtor shall pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Statement.

e. If a Notice of Objection to Monthly Statement is served and the parties do not resolve their dispute or the objecting party does not withdraw such Notice of Objection to Monthly Statement, Debtor shall withhold payment of the entire disputed amount and promptly pay eighty (80%) percent of the fees and one hundred percent (100%) of the expenses of the remainder.

f. If a Notice of Objection to Monthly Statement is served and the parties resolve their dispute, the parties shall notify the Debtor of the resolution and the Debtor shall promptly pay eighty (80%) percent of the fees and one hundred percent (100%) of the expenses of the agreed amount.

g. The first Monthly Statement shall be submitted by each of the Debtor's Professionals on or before the twenty-first (21st) day of the month following the month in which an Order granting this Motion is entered, and said Monthly Statement shall cover the period from the Petition Date through the end of the month in which an Order granting this Motion is entered.

h. Debtor's Professionals shall comply with the U.S. Trustee's reasonable requests for information and additional disclosures set forth in any applicable guidelines.

i. Debtor will request that the Court schedule a hearing on Interim

Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Application without the need for a hearing. Upon allowance by the Court of a Debtor's Professional's Interim Application, Debtor shall promptly pay such Debtor's Professional all requested fees, including the 20% holdback and expenses not previously paid, subject to final allowance by the Court.

j. Upon the earlier of the conclusion of a Debtor's Professional's employment by Debtor and substantial consummation of a chapter 11 plan, such Professional shall file and serve on the Service List a final fee application (the "Final Application," and together with the Interim Applications, the "Applications") seeking final Court approval of the compensation and reimbursement of expenses requested during this case. All fees paid and expenses reimbursed to a Debtor's Professional under these Compensation Procedures remain subject to disgorgement until final allowance by the Court.

k. Debtor will request that the Court schedule a hearing on Final Applications. The Court, in its discretion, may approve an uncontested Final Application without the need for a hearing. Upon allowance by the Court of a Debtor's Professional's Final Application, Debtor shall promptly pay such Debtor's Professional all requested fees and expenses not previously paid.

10. The Debtor believes that the proposed procedures will enable Debtor and other key parties-in-interest to closely monitor the costs of administration, maintain cash flow availability, and implement efficient cash management procedures. Moreover, the Compensation Procedures will allow the Court and key parties-in-interest to ensure the reasonableness and necessity of the compensation and reimbursement sought by Debtor's

Professionals.

11. The Debtor submits that the efficient administration of this chapter 11 Case will be significantly aided by establishing the foregoing compensation and expense reimbursement procedures.

**RELIEF REQUESTED AND BRIEF IN SUPPORT**

12. Pursuant to Bankruptcy Code section 331, Debtor's Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits.

13. As set forth below, courts have regularly entered orders, in accordance with section 105(a) of the Bankruptcy Code, establishing procedures providing for the compensation and expense reimbursement of professionals on a monthly basis. Factors generally considered by the courts in determining whether such relief is warranted include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897-98 (Bankr. N.D. Ga. 1981). In considering these factors, courts have determined that compensation procedures are appropriate to avoid having the professionals fund the debtor's reorganization proceedings. *See Id*. at 897.

14. Debtor respectfully submits that the Compensation Procedures sought herein are appropriate in light of the foregoing. Debtor further submits that the Compensation Procedures substantially comply with the guidelines set forth by this Court in Local Rule 2016-1.

## **CONCLUSION**

WHEREFORE, for the reasons stated herein, the Debtor respectfully requests that this Court enter an order (1) implementing the Compensation Procedures to compensate and reimburse the Debtor's professionals, effective as of the Petition Date; and (2) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: September 25, 2026 By: /s/ Maurice B. VerStandig

Maurice B. VerStandig, Esq.
Bar No. 1034066DC
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
(301) 444-4600
mac@mbvesq.com
*Proposed Counsel for the Debtor*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of September, 2026, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being sent to all parties receiving electronic notice herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig