**Dated: October 19, 2026**

**The following is ORDERED:**

Sarah A Hall
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re:<br><br>Jenk's Best Living, LLC<br><br>Debtor. | Case No. 26-12812-SAH<br>(Chapter 11) |

**ORDER GRANTING MOTION FOR ENTRY OF AN ORDER IMPLEMENTING <u>CERTAIN PROCEDURES TO COMPENSATE AND REIMBURSE PROFESSIONALS</u>**

Upon consideration of the *Debtor's Motion for Entry of an Order Implementing Certain Procedures to Compensate and Reimburse Professionals* (the "Motion"), ECF No. 87, filed by Jenk's Best Living, LLC (the "Debtor"), and in consideration of the record herein and governing law, it is, by the United States Bankruptcy Court for the Western District of Oklahoma, hereby:

FOUND, that the Motion was filed on September 25, 2026, *see* ECF No. 87; and it is further

FOUND, that the Motion was served on all parties receiving notice via CM/ECF, *see* ECF No. 87 at p. 7; and it is further

FOUND, that any objections to the Motion were due two weeks after its entry, on or before October 9, 2026, *see* ECF No. 87 at p. 1; and it is further

\

FOUND, that—as certified by counsel submitting this order, through his endorsement below—no timely opposition to the Motion has been filed; and it is further

ORDERED, that the Motion be, and hereby is, GRANTED; and it is further

ORDERED, that on or before the twenty-first (21st) day of each month following the month for which compensation is sought, each Debtor's Professional seeking compensation may submit a monthly fee statement (the "Monthly Statement") by electronic mail to (i) the Debtor; (ii) proposed (and/or approved) general reorganization counsel to Debtor, (iii) the U.S. Trustee, and (iv) counsel for the Official Committee of Unsecured Creditors, if any (each a "Notice Party," and collectively, the "Notice Parties"); and it is further

ORDERED, that each Monthly Statement shall describe and itemize the fees and expenses (in accordance with the guidelines promulgated by the U.S. Trustee) incurred within such period, together with (i) a summary setting forth the total amount of fees; (ii) each professional's (and paraprofessional's) hourly rate; (iii) total time and fees; (iv) the amount of reimbursable expenses sought; and (v) the amount of any prepetition retainer held by the professional; and it is further

ORDERED, that in the event that a Notice Party has an objection to the compensation or reimbursement sought in a particular Monthly Statement, such Notice Party shall, no later than 7 days after receipt of the Monthly Statement, serve upon the professional whose Monthly Statement is objected to and the other Notice Parties a written "Notice of Objection to Monthly Statement," setting forth with specificity the nature of the objection and the amount of fees or expenses at issue. Thereafter, the objecting party and the professional whose Monthly Statement is objected to shall attempt to reach an agreement regarding the correct payment to be made. If the parties are unable to reach an agreement on the objection, the objection will be considered and disposed of at the next interim fee application hearing; and it is further

\

ORDERED, that promptly after the expiration of the 7-day period set forth above and if no Notice of Objection to Monthly Statement is received, Debtor shall pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Monthly Statement; and it is further

ORDERED, that If a Notice of Objection to Monthly Statement is served and the parties do not resolve their dispute or the objecting party does not withdraw such Notice of Objection to Monthly Statement, Debtor shall withhold payment of the entire disputed amount and promptly pay eighty (80%) percent of the fees and one hundred percent (100%) of the expenses of the remainder; and it is further

ORDERED, that if a Notice of Objection to Monthly Statement is served and the parties resolve their dispute, the parties shall notify the Debtor of the resolution and the Debtor shall promptly pay eighty (80%) percent of the fees and one hundred percent (100%) of the expenses of the agreed amount; and it is further

ORDERED, that the first Monthly Statement shall be submitted by each of the Debtor's Professionals on or before the twenty-first (21st) day of the month following the month in which this order is entered, and said Monthly Statement shall cover the period from the Petition Date through the end of the month in which an Order granting this Motion is entered; and it is further

ORDERED, that Debtor's Professionals shall comply with the U.S. Trustee's reasonable requests for information and additional disclosures set forth in any applicable guidelines; and it is further

ORDERED, that Debtor will request that the Court schedule a hearing on Interim Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Application without

\

the need for a hearing. Upon allowance by the Court of a Debtor's Professional's Interim Application, Debtor shall promptly pay such Debtor's Professional all requested fees, including the 20% holdback and expenses not previously paid, subject to final allowance by the Court; and it is further

ORDERED, that upon the earlier of the conclusion of a Debtor's Professional's employment by Debtor and substantial consummation of a chapter 11 plan, such Professional shall file and serve on the Service List a final fee application (the "Final Application," and together with the Interim Applications, the "Applications") seeking final Court approval of the compensation and reimbursement of expenses requested during this case. All fees paid and expenses reimbursed to a Debtor's Professional under these Compensation Procedures remain subject to disgorgement until final allowance by the Court; and it is further

ORDERED, that Debtor will request that the Court schedule a hearing on Final Applications. The Court, in its discretion, may approve an uncontested Final Application without the need for a hearing. Upon allowance by the Court of a Debtor's Professional's Final Application, Debtor shall promptly pay such Debtor's Professional all requested fees and expenses not previously paid.

**All findings of fact are based upon representation of counsel.**

**The prevailing party will effectuate service of the order on all interested parties.**

# # #

\

Approved for Entry:

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 1034066DC
The VerStandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854
(301) 444-4600
mac@mbvesq.com
*Counsel for the Debtor*

\