**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>JENK'S BEST LIVING, LLC,<br>Debtor. | Case No. 26-12812-SAH<br><br>Chapter 11 |

**MOTION OF THE YSA TRUSTEE FOR AN ORDER EXTENDING THE BAR DATE TO FILE PROOF OF CLAIM PURSUANT TO 11 U.S.C. §§ 105, 501 AND 502 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 3003(c)(3) AND 9006(b)(1) AND NOTICE OF OPPORTUNITY FOR HEARING**

**NOTICE OF OPPORTUNITY FOR HEARING**

> **Your rights may be affected. You should read this Document carefully and consult your attorney about your rights and the effect of this Document.** If you do not want the Court to grant the motion, or you wish to have your views considered, you must file a written response to the motion with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of the motion. You should also serve a file-stamped copy of the response to the undersigned and others who are required to be served and file a certificate or affidavit of service with the Court.

**[Note - This is a flat fourteen (14) days regardless of the manner of service.]**

Michael E. Deeba, the duly appointed and acting Chapter 11 Trustee (the "YSA Trustee") for YSA Investments 1, LLC, Case No. 26-12806-SAH (the "YSA Case"), a creditor and party in interest in the above-captioned, Chapter 11 case of Jenk's Best Living, LLC (the "Debtor"), hereby files this Motion for an Order Extending Bar Date to File Proof

of Claim (the "Motion") pursuant to 11 U.S.C. §§ 105, 501 and 502 and Fed. R. Bankr. P. 3003(c)(3) and 9006(b)(1), and respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

2. On July 19, 2026, the Debtor commenced a case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Notice of Chapter 11 Bankruptcy Case [Docket No. 27] established November 24, 2026, as the deadline for all creditors (other than governmental units) to file proofs of claim against the Debtor (the "Bar Date"), and January 15, 2027, as the deadline for governmental units.

3. The YSA Trustee is a creditor and party in interest in the Debtor's case. On October 8, 2026, the Court entered its Order Approving Appointment of Chapter 11 Trustee [Docket No. 499 in the YSA Case], and Michael E. Deeba was thereafter appointed and is the duly appointed and acting Chapter 11 Trustee for YSA Investments 1, LLC in the YSA Case.

4. The YSA Trustee was appointed only weeks before the November 24, 2026, Bar Date. As a result, the YSA Trustee has had limited time to familiarize himself with the books, records, and financial affairs of the YSA estate and its relationships with the Debtor and the other jointly administered estates, and to determine whether the YSA estate holds claims against the Debtor that must be asserted by proof of claim before the Bar Date.

**BASIS FOR RELIEF**

5. The YSA Trustee is currently evaluating the assets, books and records, and financial affairs of the YSA estate, including the intercompany claims and other claims that the YSA estate may hold against the Debtor. The YSA Trustee has not yet had sufficient time to conclude his analysis and investigation or to determine the nature and amount of any proof of claim that should be filed against the Debtor before the Bar Date. The YSA Trustee believes that extending the Bar Date, as to the YSA Trustee, as requested in this Motion is in the best interests of the YSA estate and its creditors and will not prejudice the Debtor or any other party in interest.

6. Accordingly, the YSA Trustee requests that the Court extend the November 24, 2026, Bar Date, as to the YSA Trustee, for filing a proof of claim against the Debtor. The YSA Trustee believes that an extension of one hundred eighty (180) days is appropriate to permit the YSA Trustee to complete his evaluation and investigation and file any necessary proof of claim.

7. Pending Court approval of this Motion, the YSA Trustee requests that the Bar Date, as to the YSA Trustee, be extended to and including May 25, 2027.

8. The Court is expressly authorized to extend the Bar Date. Rule 3003(c)(3) provides that, in a Chapter 11 case, the court "must set the time to file a proof of claim or interest and may, for cause, extend the time." Fed. R. Bankr. P. 3003. The Tenth Circuit has recognized that Rule 3003(c)(3) "allows the bankruptcy court to fix the time for filing and to extend the time for cause shown." *In re Herd*, 840 F.2d 757, 759 (10th Cir. 1988). Rule 9006(b)(1) likewise provides that, except in circumstances not applicable here, the

court "may – at any time and for cause – extend the time to act if … a request to extend is made before the period (or a previously extended period) expires." Fed. R. Bankr. P. 9006. Rule 3003(c)(3) is not among the rules excepted from this general extension authority, so Rule 9006(b)(1) supplements the court's power to extend the Chapter 11 claims deadline. Fed. R. Bankr. P. 9006. This Court has likewise held that Rule 3003(c)(3) and 9006(b)(1) "empower a bankruptcy court to enlarge the time for filing a proof of claim." *In re Mitchell*, 82 B.R. 583, 585 (Bankr. W.D. Okla. 1988). Section 105(a) of the Bankruptcy Code further empowers the Court to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105.

9. Because the YSA Trustee seeks this extension before the Bar Date expires, the Motion is governed by the lenient "for cause" standard, not the more demanding "excusable neglect" standard that applies only to requests made after a deadline has passed. The Tenth Circuit reads Rule 9006(b)(1) to permit the court, "for cause shown," to enlarge the time when the request is made before the period expires, while requiring a showing that "the failure to act was the result of excusable neglect" only when the motion is made after the period expires. *Jones v. Arross*, 9 F.3d 79, 81, n.1 (10th Cir. 1993). The Tenth Circuit has further recognized that the "for cause" standard of Rule 3003(c)(3) allows a bankruptcy court to grant an extension "for grounds other than excusable neglect." *In re Herd*, 840 F.2d 757, 758 n.2 (10th Cir. 1988). Courts within this Circuit accordingly require a movant seeking a pre-bar-date extension only to "sustain a threshold burden of demonstrating sufficient 'cause,'" with the excusable-neglect limitation attaching only where the motion is filed after the claims bar date. *In re Bajan Resorts, Inc.*, 71 B.R. 52, 54 (Bankr. D. Utah

1987). The Supreme Court has confirmed, and the Tenth Circuit has recognized, that the "excusable neglect" standard governs only the late filing of proofs of claim in Chapter 11 cases, underscoring that a timely, pre-deadline request such as this one is subject to the less demanding showing. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389, 113 S. Ct. 1489, 1495, 123 L. Ed. 2d 74 (1993); *Jones v. Arross*, 9 F.3d 79, 81 (10th Cir. 1993). Out-of-circuit authority is in accord. *In re Dix*, 95 B.R. 134, 137 (B.A.P. 9th Cir. 1988). The movant bears the burden of establishing cause, which is assessed on the totality of the circumstances. *In re Am. Skate Corp.*, 39 B.R. 953, 953-54 (Bankr. D.N.H. 1984).

10. Cause exists here. The YSA Trustee was appointed only weeks before the Bar Date and requires additional time to review the books and records of the YSA estate, investigate the YSA estate's relationships with the Debtor and determine whether and in what amount the YSA estate must file a proof of claim against the Debtor. The requested 180-day extension is sought before the Bar Date and will not prejudice the Debtor or any party in interest; it is not sought on the eve of confirmation and will not disrupt confirmation of a plan. *In re Am. Skate Corp.*, 39 B.R. 953, 953–54 (Bankr. D.N.H. 1984). Granting the extension falls well within the bankruptcy court's broad discretion over claims-deadline matters, a determination reviewed only for abuse of discretion. *In re Centric Corp.*, 901 F.2d 1514, 1517 (10th Cir. 1990). Such relief serves the rehabilitative purposes of Chapter 11 and the court's exercise of its broad equitable powers to balance the interests of the affected parties. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389, 113 S. Ct. 1489, 1495, 123 L. Ed. 2d 74 (1993).The extension

is therefore supported by cause and is in the best interests of the YSA estate and its creditors.

11. The YSA Trustee has contacted Mac VerStandig, attorney for the Debtor in this case, by phone and email and nothing has been heard from Mr. VerStandig at this time.

12. Further, the U.S. Trustee's office for the Western District of Oklahoma has no objection to relief sought herein and believes it is not only reasonable but necessary in this case.

WHEREFORE, the YSA Trustee respectfully requests that the Court (i) grant the Motion and extend the Bar Date, as to the YSA Trustee, to and including May 25, 2027; and (ii) grant such other and further relief to which the YSA Trustee may be entitled.

Dated this 19th day of November 2026.

Respectfully Submitted,

CHRISTENSEN LAW GROUP, P.L.L.C.

/s/ J. Clay Christensen

J. Clay Christensen (OBA #11789)
Jonathan M. Miles (OBA #31152)
Brock Z. Pittman (OBA #32853)
Spencer K. Strickland (OBA #36272)
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
Telephone: (405) 232-2020
Facsimile: (405) 228-1113
clay@christensenlawgroup.com
jon@christensenlawgroup.com
brock@christensenlawgroup.com
spencer@christensenlawgroup.com
*Proposed Counsel for Michael E. Deeba, YSA Trustee*

**CERTIFICATE OF SERVICE**

This shall certify that on this 19th day of November 2026, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF System, which will transmit a Notice of Electronic Filing to all parties registered to receive electronic notice in this case.

/s/ J. Clay Christensen
J. Clay Christensen